IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE HERREN and<br>SAVING GRACE EMS, INC.,<br>Plaintiffs,<br><br>v.<br><br>RANDOLPH COUNTY 911<br>BOARD,<br>Defendant. | Case No.<br><br>**JURY DEMAND** |

## COMPLAINT

COMES NOW Plaintiffs Stephanie Herren and Saving Grace EMS, Inc., through undersigned counsel, bring this Complaint against the Randolph County 911 Board (the "Defendant") and allege as follows:

### I. INTRODUCTION

1. Plaintiff Stephanie Herren is the owner and operator of Saving Grace EMS, Inc., a 100% woman-owned and operated emergency medical services provider and the first woman-owned EMS service in Randolph County, Alabama.

2. Defendant Randolph County 911 Board has unlawfully interfered with Plaintiffs' business operations, discriminated against them based on gender,

and violated constitutional rights, including Equal Protection under the Fourteenth Amendment.

3. As a result of Defendant's conduct, Plaintiffs have sustained significant financial and reputational harm, including economic losses, business interference, and emotional distress. Plaintiffs seek compensatory damages, injunctive relief, and declaratory relief.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331, as this case presents federal questions under the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983.

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in Randolph County, Alabama, and the events giving rise to this action occurred within this District.

## III. PARTIES

7. Plaintiff Stephanie Herren is an individual and resident of Randolph County, Alabama. She is the sole owner and operator of Saving Grace EMS, Inc.

8. Plaintiff Saving Grace EMS, Inc. is a 100% woman-owned emergency medical services provider incorporated in the state of Alabama and operating in Randolph County. Plaintiff Saving Grace EMS, Inc. is a licensed EMS provider duly authorized to operate within Randolph County, Alabama.

9. Defendant Randolph County 911 Board is a public entity responsible for coordinating emergency medical services and dispatch operations in Randolph County.

## IV. FACTUAL ALLEGATIONS

10. Saving Grace EMS is the first woman-owned EMS service provider in Randolph County and is fully operational with qualified personnel, operational ambulances, and the necessary infrastructure to provide timely emergency medical services.

11. Despite being fully equipped and in close proximity to emergency incidents, Saving Grace EMS has been routinely excluded from receiving 911 dispatches, including a recent seizure emergency near its station.

12. The exclusion of Saving Grace EMS from dispatches has occurred multiple times, significantly harming Plaintiffs' ability to generate income and sustain their operations.

13. Plaintiffs maintain operating expenses of at least $31,078 per month, including payroll, insurance, billing software, utilities, fuel, station supplies, and communication devices, but have received minimal income due to the Defendant's refusal to dispatch calls to them.

14. Plaintiffs have made multiple attempts to resolve the issue, including a request to be included on the agenda for a Randolph County 911 Board meeting, but the Board has refused to acknowledge or respond to Plaintiffs' communications.

15. The Board has imposed inconsistent and discriminatory requirements on Plaintiffs, including the need to bid for contracts, without applying similar standards to other emergency service providers such as wrecker services.

16. Plaintiffs believe that the discriminatory treatment is motivated by gender bias against Ms. Herren as a woman business owner and by her public advocacy for transparency and accountability in Randolph County.

17. The two current EMS service providers being dispatched by Randolph County 911 at the direction of the Board are both male-owned and operated.

18. The Board has chosen to safeguard the profitability of the current male-owned EMS service providers not only above the business competition of a female-owned EMS service provider, but also above the health and safety of Randolph County residents in need of emergency services.

19. The Defendant's actions have caused significant harm to Plaintiffs' reputation, standing in the community, and ability to serve the public in a timely manner.

20. Plaintiffs are also incurring additional expenses related to employee TB tests and drug screens, required to obtain clearance badges for Tanner East Alabama Medical Center, which the Defendant's actions have prevented them from completing.

21. Defendant is charged with the management of the emergency communication system for Randolph County, specifically overseeing the 911 dispatch system.

22. Despite Plaintiff's lawful operation and service in Randolph County, the Defendant has taken actions to interfere with Plaintiff's EMS operations by refusing to offer neutral terms for dispatch services, effectively regulating EMS providers without statutory authority.

23. The Defendant has imposed disparate treatment upon Plaintiff by delaying or denying dispatch requests, creating barriers to its operational effectiveness, and favoring other providers, in violation of the Defendant's duty to act in a neutral and non-discriminatory manner.

24. Defendant has justified its actions by claiming authority to regulate EMS providers as part of its responsibility to manage the 911 system.

## V. CLAIMS FOR RELIEF

### COUNT I – PROMISSORY ESTOPPEL

25. Plaintiffs incorporate by reference the preceding paragraphs 1-3, 4-6, 7-9, 10-24 as if fully set forth herein.

26. Defendant, by its conduct, made implicit promises that Plaintiffs would be allowed to operate as an emergency service provider and receive 911 dispatches.

27. Plaintiffs reasonably relied on these promises to their detriment, incurring significant operational expenses.

28. Defendant's failure to fulfill these promises has caused substantial economic harm to Plaintiffs.

### COUNT II – VIOLATION OF 42 U.S.C. § 1983 (EQUAL PROTECTION)

29. Plaintiffs incorporate by reference the preceding paragraphs 1-3, 4-6, 7-9, 10-24 as if fully set forth herein.

30. Defendant, acting under color of state law, has deprived Plaintiffs of their rights under the Equal Protection Clause of the Fourteenth Amendment by treating Saving Grace EMS differently from other similarly situated EMS providers based on gender discrimination.

31. Defendant's discriminatory actions have caused Plaintiffs significant financial and reputational harm.

## COUNT III – DECLARATORY JUDGMENT

32. Plaintiffs incorporate by reference the preceding paragraphs 1-3, 4-6, 7-9, 10-24 as if fully set forth herein.

33. Pursuant to Ala. Code § 11-98-4(f), the Defendant is granted the authority to establish, operate, and maintain an emergency communication system, including the dispatch services for public safety agencies.

34. However, the statute does not provide the Defendant with the authority to regulate EMS providers or impose discriminatory or preferential terms for dispatch services.

35. Ala. Code § 11-98-4.1(e)(7) requires the statewide 911 Board, and by extension local 911 Boards, to operate in a manner that is competitively and technologically neutral. Defendant's actions in regulating EMS providers violate this statutory obligation.

36. The Defendant's statutory authority is limited to managing and operating the 911 system, which does not include oversight or regulation of EMS providers beyond the dispatch services as provided by Ala. Code § 11-98-4(f)(6).

37. A real and justiciable controversy exists regarding Plaintiffs' right to receive dispatches and operate as a fully functional EMS provider in Randolph County.

38. There is an actual and substantial controversy between the parties regarding the scope of the Defendant's authority under Ala. Code §§ 11-98-4(f) and 11-98-4.1(e).

39. Plaintiff contends that Defendant has exceeded its statutory authority by attempting to regulate EMS providers and failing to offer neutral and fair terms for dispatch services.

40. Defendant's actions have caused ongoing harm to Plaintiff by impeding its ability to provide emergency medical services and interfering with its lawful operations.

41. Plaintiff seeks a declaratory judgment to clarify that Defendant's authority is limited to the management of the 911 communication system and does not extend to regulating EMS providers or imposing discriminatory dispatch terms.

42. Plaintiffs seek a declaratory judgment establishing that the Defendant's actions violate their constitutional and statutory rights.

## COUNT IV – INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS/CONTRACTUAL RELATIONSHIPS

43. Plaintiffs incorporate by reference the preceding paragraphs 1-3, 4-6, 7-9, 10-24 as if fully set forth herein.

44. Defendant has intentionally interfered with Plaintiffs' business relationships by preventing them from receiving dispatches and serving the public, causing economic harm and damaging Plaintiffs' ability to maintain contracts with hospitals and other service providers.

45. Defendant's interference has resulted in loss of income, business opportunities, and reputational harm.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1. Compensatory and punitive damages in an amount to be determined at trial; As a direct and proximate result of Defendant's unlawful actions, Plaintiffs have suffered significant damages, including:

    a. Loss of income;

    b. Loss of business opportunities;

    c. Damage to reputation;

   d. Emotional distress;

   e. Additional operating costs.

2. Declaratory judgment that Defendant's actions violated Plaintiffs' constitutional rights;

3. Declaratory judgment that Defendant Randolph County 911 Board has no authority to regulate or impose discriminatory or preferential terms on EMS providers, including Plaintiff Saving Grace EMS, LLC, beyond the scope of the emergency communication system and dispatch services.

4. Declaratory judgment that Defendant must act in a neutral and non-discriminatory manner when providing dispatch services to EMS providers, as required by Ala. Code § 11-98-4.1(e)(7)

5. Injunctive relief requiring Defendant to include Plaintiffs in the dispatch system;

6. Costs of this action, including attorneys' fees;

7. Any other relief this Court deems and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

/s/Richard A. Rice
Richard A. Rice (RIC086)
ASB8387I66R
THE RICE FIRM, LLC
N. 115 Richard Arrington Jr. Blvd.
Birmingham, AL 35203
Telephone 205 618-8733
rrice@rice-lawfirm.com

**ATTORNEY FOR PLAINTIFFS**